IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| B.C. MONEY, SR., # 184159, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v | ) Civil Action No.1:08cv228-WKW |
| | ) |
| HENRY COUNTY, ALABAMA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 filed by B.C. Money, Sr. ("Money"), on March 26, 2008. By his petition, Money challenges convictions for first-degree rape and first-degree sexual abuse entered against him in 1995 by the Circuit Court of Henry County, Alabama.

Pursuant to this court's orders, the respondents have filed an answer in which they argue that Money's habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because the conviction Money challenges became final in September 1996 – after the effective date of the statute of limitations – Money must have filed his § 2254 petition within a year after the conviction became final, exclusive of the time any properly filed state post-

---

[1] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

conviction petition related to the conviction was pending in the state courts. The respondents maintain that the limitation period expired prior to Money's filing this federal habeas petition. Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Money's § 2254 petition is precluded from review by this court because it was not filed within the time allowed by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. The Circuit Court of Henry County entered the challenged convictions against Money on October 6, 1995. That court imposed sentence upon Money on October 27, 1995.[2] Money appealed, and on August 23, 1996, the Alabama Court of Criminal Appeals affirmed his convictions. That court entered a certificate of final judgment on September 10, 1996. Money did not seek further appellate review. Because he did not seek relief from the Alabama Supreme Court, Money was not entitled to file a petition for certiorari with the United States Supreme Court. Thus, the time for seeking direct review of the challenged conviction expired upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court – i.e., 90 days after the Alabama Court of Criminal Appeals' September 19, 1996, entry of the certificate of final judgment. *See Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by

---

[2] Money was sentenced to 99 years each for five counts of first-degree rape and 10 years each for two counts of first-degree sexual abuse.

a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Accordingly, Money's conviction became final on December 9, 1996, and the one-year limitation period contained in section 2244(d)(1)(A) began to run on that date.

The plain language of 28 U.S.C. § 2244(d)(2) provides for tolling the limitation period for the time during which a properly filed application for state post-conviction or other collateral review is pending. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). However, it does not appear that Money ever filed a Rule 32, *Alabama Rules of Criminal Procedure*, petition or other state post-conviction petition challenging his conviction. Therefore, the limitation period in his case ran uninterrupted until it expired on December 9, 1997. Money did not file this federal habeas petition until March 26, 2008, more than ten years *after* expiration of the limitation period.[3]

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired before Money filed the instant habeas petition under § 2254. Accordingly, it is

**ORDERED that on or before May 30, 2008**, Money shall show cause why his

---

[3]Although this habeas petition was date-stamped "received" in the court on March 28, 2008, it was signed by Money on March 26, 2008. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Money] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 9th day of May, 2008.

        /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE